**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5235**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CESAR G. GARCIA, a/k/a Antonio Sanchez-Garcia,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (CR-05-280)

Submitted: August 31, 2006          Decided: September 5, 2006

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Francis J. Cornely, Charleston, South Carolina, for Appellant. Brent Alan Gray, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Cesar G. Garcia pled guilty to unlawful re-entry into the United States by an illegal alien, in violation of 8 U.S.C. §§ 1326(a), 1326(b)(2) (2000). The district court sentenced Garcia to seventy months' imprisonment, three years of supervised release, and ordered payment of a $100 statutory assessment.[1] Garcia's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Garcia's plea. Specifically, Garcia asserts that his plea was not knowing and voluntary because his trial counsel told him he would be entitled to a sentence reduction that he did not receive. Garcia was given an opportunity to file a supplemental pro se brief, but has failed to do so.

Garcia did not move in the district court to withdraw his guilty plea, therefore his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). We have carefully reviewed the transcript of the Rule 11 hearing and find no plain error in the district court's acceptance of Garcia's guilty plea. See United States v. DeFusco, 949 F.2d 114, 117, 120 (4th Cir.

_____

[1]The probation officer calculated a sentencing guideline range for Garcia of 70 to 87 months' imprisonment founded on a total offense level of 21 and a criminal history category of V.

1991). During his plea colloquy, Garcia specifically stated that he understood the maximum penalty applicable to his crime, that he discussed the sentencing guidelines with his attorney, that he understood that the district court had the authority to depart from the Guidelines in determining Garcia's sentence, that he understood that he would still be bound by his guilty plea if his sentence was more severe than he expected it to be, and that no one promised him anything not set forth in his written plea agreement. Garcia is bound by the statements he made at the plea colloquy. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).[2]

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Garcia's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

---

[2]To the extent Garcia is attempting to allege that his trial counsel was ineffective during the plea process, such a claim must be brought in a collateral proceeding under 28 U.S.C. § 2255 (2000), because counsel's ineffectiveness does not conclusively appear on the face of the record. DeFusco, 949 F.2d at 120-21.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>